```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Charles James Manley,             :

        Plaintiff,                :Case No. 2:15-cv-1786

    v.                            :CHIEF JUDGE EDMUND A. SARGUS, JR.
                                   Magistrate Judge Kemp
Foundations Plus, LTD., et al.,:

        Defendants.               :


Lightning Rod Mutual Insurance :
Company,

        Plaintiff,                :Case No. 2:15-cv-2978

    v.                            :CHIEF JUDGE EDMUND A. SARGUS, JR.
                                   Magistrate Judge Kemp
Foundations Plus, Ltd., et al.,:

        Defendants.               :
```

<u>ORDER</u>

   Charles James Manley, Plaintiff in the first-captioned case and one of the defendants in the second, has filed a motion to consolidate these two cases.  For the following reasons, that motion will be denied.

   In the first case, Mr. Manley has sued a number of parties whom he claims were responsible for not completing a barn restoration project in accordance with Mr. Manley's directives, and in breach of contract or other duties owed to Mr. Manley. The second case involves a claim by Lightning Rod Mutual Insurance Company for a declaratory judgment that it is not liable under a policy which it issued to Foundations Plus LTD, a

defendant in the first case, for the claims which Mr. Manley has asserted against Foundations Plus. Lightning Rod and Foundations Plus both oppose consolidation.

Consolidation of cases is provided for in Fed.R.Civ.P. 42(a), which provides, in pertinent part, that the Court may order consolidation of "actions involving a common question of law or fact...." The underlying purpose of the Rule is to promote economy in the administration of justice. <u>Feldman v. Hanley</u>, 49 F.R.D. 48 (S.D.N.Y. 1969). Any savings of litigant and judicial resources achieved by consolidation must be balanced against any prejudice to the parties, including potential confusion of the issues, which might result from consolidation. <u>Arroyo v. Chardon</u>, 90 F.R.D. 603 (D.P.R. 1981). It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request. <u>Thayer v. Shearson, Loeb, Rhoades, Inc.</u>, 99 F.R.D. 522 (W.D.N.Y. 1983). Rather, as long as there are some common questions of either law or fact, the Court has the flexibility under Rule 42 to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources. <u>Brewer v. Republic Steel Corp.</u>, 64 F.R.D. 591 (N.D. Ohio 1974), <u>aff'd</u> 513 F.2d 1222 (6th Cir. 1975).

This Court has denied consolidation for trial purposes in a similar situation involving, as the second of two cases, a declaratory judgment action arising out the first case. See <u>Guild Associates, Inc. v. Bio-Energy (Washington), LLC</u>, 309 F.R.D. 436 (S.D. Ohio 2015)(although the Court ordered consolidation for discovery purposes since the parties had agreed to that approach). It specifically noted that, in such cases, there is no commonality of legal issues since the coverage issues are separate and distinct from the underlying liability issues,

and that a jury would be confused if it had to deal with both. The same result was reached in J4 Promotions, Inc. v. Splash Dogs, LLC, 2010 WL 3063217 (S.D. Ohio Aug. 3, 2010). The Court will follow that approach here. It is true, however, that the two cases which are the subject of Mr. Manley's motion to consolidate are assigned to the same District Judge and Magistrate Judge, and to the extent that the proceedings overlap in some respects, the Court can handle any such issues efficiently without formal consolidation.

As part of its response, Lightning Rod moved to strike some of the allegations made in the motion to consolidate. The Court, while agreeing that some of Mr. Manley's assertions about counsel's motivation in filing the declaratory judgment action in state court might be speculative, does not view them as so prejudicial that an order to strike is needed. That request will therefore be denied.

For the foregoing reasons, the Court denies the motion to consolidate (Doc. 56 in Case No. 2:15-cv-1786 and Doc. 8 in Case No. 2:15-cv-2978) and denies the motion to strike (Doc. 17 in Case No. 2:15-cv-2978).

Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for

reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge