UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES JAMES MANLEY,

    Plaintiff,

v.

FOUNDATIONS PLUS, LTD., *et. al*,

    Defendants

Case No. 2:15-cv-1786
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

LIGHTNING ROD MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.

FOUNDATIONS PLUS, LTD., *et. al*,

    Defendants.

Case No. 2:15-cv-2978
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on various motions in two related cases. The cases are not consolidated.[1] In Case No. 2:15-cv-1786, *Manley v. Foundations Plus, LLC, et al.*, the parties have filed motions and cross-motions for summary judgment and motions to dismiss directed at the fifteen claims filed in the amended complaint. Likewise, in Case No. 2:15-cv-2978, *Lightning Rod Mutual Insurance Company v. Foundations Plus, et al.*, Plaintiff Lighting Rod Mutual Insurance Company ("Lightning Rod") has moved for summary judgment on its amended complaint for declaratory judgment (ECF No. 3), and Defendant Charles James Manley ("Mr. Manley" or "Manley") has moved to dismiss Lightning Rod's amended complaint. (ECF

---

[1] *See* Order, Case No. 2:15-cv-1786, ECF No. 72; Order, Case No. 2:15-cv-2978, ECF No. 25.

No. 4.) The Court **GRANTS** the Motions to Dismiss for Lack of Subject Matter Jurisdiction of Defendants Ohio Ready Mixed Concrete Association and James E. Barnhart (Case No. 2:15-cv-1786, ECF No. 41) and Defendants Buckeye Ready Mix, LLC and Greg Starling (Case No. 2:15-cv-1786, ECF No. 42), and hereby **DISMISSES** Case No. 2:15-cv-1786, without prejudice. The Court **REMANDS** the declaratory judgment case, Case No. 2:15-cv-2978, to the Licking County Court of Common Pleas.

I. **BACKGROUND**

These cases are before the Court on diversity jurisdiction. Manley is the plaintiff in the first captioned case and one of the defendants in the second.[2] The declaratory judgment action was filed in the Licking County Court of Common Pleas, and was removed to this Court by Mr. Manley.

In the first captioned case, Manley has sued a number of parties whom he claims were responsible for not completing a barn restoration project in accordance with his directions. Manley asserts that he was responsible for the oversight of the construction necessary to convert an historic barn, located in Newark, Ohio, into a residence. (Am. Compl., ECF No. 16, at pp. 7-8, ¶ 38.) The barn and the real property on which it is situated are owned by Manley's parents, Charles Roger Manley and Marilyn M. Manley. (Am. Compl., ECF No. 16, at p. 38, ¶ 37.)

On or about May 16, 2011, Manley entered into a contract with Malon Eash, Jr. ("Mr. Eash" or "Eash") of SR661-ELM, Ltd. dba Foundations Plus to pour a new concrete foundation for the barn. (Am. Compl., ECF No. 16, at p. 9, ¶ 50.) Foundations Plus was paid an initial payment of $7,000, with the remainder due after the "work was accepted by Plaintiff as fully performed and completed." (Am. Compl., ECF No. 16, at p. 42, ¶ 296.) The work was completed on June 7,

---

[2] Mr. Manley has an inactive law license in Ohio, and is litigating these cases *pro se*. Mr. Manley asserts that he has made his residence and domicile in Vermont since August of 2012. (Case No. 2:15-cv-1786, ECF No. 50, at 5.)

2

2011. Manley was dissatisfied with the work, and declined to pay for it. On August 1, 2011, Eash filed a mechanics' lien on the real property, alleging that Charles and Marilyn Manley (Manley's parents) owed Foundations Plus the amount of $14,038.20. (ECF No. 16, Exh. G., Page ID# 341.)

On May 8, 2015, Manley filed this suit, naming as defendants the limited partnership SR661-ELM Ltd. dba Foundations Plus, members of the Eash family, and John Doe defendants. On August 11, 2015, Manley filed an Amended Complaint, adding as defendants Buckeye Ready Mix, LLC, Greg Starling, Head of Sales for Buckeye Ready Mix, LLC, Ohio Concrete and/or Ohio Ready Mixed Concrete Association, and James E. Barnhart, P.E., Senior Engineer for the Ohio Ready Mixed Concrete Association. (ECF 16.) The amended complaint presents fifteen claims, including fraud, breach of contract, breach of warranty of fitness for a particular purpose, intentional misrepresentation, breach of express warranty, negligence, failure to perform in a workmanlike manner, breach of a second contract, unjust enrichment, detrimental reliance, failure to mitigate damages, civil conspiracy, tortious interference with contracts, and violation of the Ohio Consumer Sales Practices Act. (Am. Compl., ECF No. 16.)

Manley has moved for summary judgment on his amended complaint. (ECF No. 17.) Motions to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction have been filed by the Ohio Ready Mixed Concrete Association and James E. Barnhart, P.E (ECF No. 41), and Buckeye Ready Mix, LLC and Greg Starling. (ECF No. 42.) Manley also filed a Motion for Partial Summary Judgment directed toward these four defendants. (ECF No. 55.)

The second captioned case involves a claim by Lightning Rod Mutual Insurance Company ("Lightning Rod") for a declaratory judgment that it is not liable under an insurance policy that it

3

issued to Foundations Plus, a defendant in the first case, for the claims Manley has asserted against Foundations Plus. Lightning Rod filed its declaratory judgment complaint in the Licking County Court of Common Pleas, and Manley, a defendant in that action, removed the case to this Court. Lightning Rod has moved for summary judgment on its claim for declaratory judgment (ECF No. 3), and Manley has moved to dismiss Lightning Rod's amended complaint for declaratory judgment. (ECF No. 4.)

On January 9, 2016, Mr. Manley asked the Court for a 90-day stay of this litigation to permit him to obtain medical treatment. (ECF No. 70.) The Court granted a stay through April 15, 2016. (ECF No. 73.) The various motions for summary judgment and motions to dismiss are ripe for decision.

## II. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure Rule 12(b)(1) allows dismissal for "lack of subject matter jurisdiction" over claims asserted in the Complaint. Fed. R. Civ. P. 12(b)(1). Generally, Rule 12(b)(1) motions fall into two general categories: facial attacks and factual attacks. A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. *See Scheuer v. Rhodes,* 416 U.S. 232, 235–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974). In contrast, a *factual* attack is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, *see Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990), and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *See United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). In ruling on a motion to dismiss, the court may

4

consider written instruments that are exhibits to a pleading, as those are considered part of the pleading for all purposes. *Campbell v. Nationstar Mortg.*, No. 14-1751, 611 Fed. App'x 288, 291-92, 2015 WL 2084023, at *3 (6th Cir. May 6, 2015) (citing Fed.R.Civ.P. 10(c)). A court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)).

Additionally, it is "familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 627-28 (6th Cir. 2009) (citing *United States v. Ruiz*, 536 U.S. 622, 628, 122 S.Ct. 2450 (2002)). "Not only *may* a court raise subject matter jurisdiction *sua sponte*, it must." *CMS North America, Inc. v. DeLorenzo Marble & Tile, Inc.*, 521 F.Supp.2d 619, 632 (W.D. Mich. 2007) (citing *Clarke v. Mindis Metals, Inc.*, No. 95-5517, 99 F.3d 1138, 1996 WL 616677, *3 (6th Cir. Oct. 24, 1996) ("Neither party has raised the jurisdictional issue this case presents, but it is axiomatic that we *must* raise issues of subject-matter jurisdiction *sua sponte*.") (emphasis in original). This responsibility rests in part on the fact that Federal Courts have limited subject matter jurisdiction. "[T]he intent of Congress drastically to restrict federal jurisdiction in controversies of diverse citizens has always been rigorously enforced by the courts." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Federal district courts have original jurisdiction over claims involving either a federal question pursuant to 28 U.S.C. § 1331, or arising among citizens of different states pursuant to 28 U.S.C. § 1332. Federal Courts have "original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28

U.S.C. § 1332(a)). In diversity actions, the governing substantive law is state law. *See Erie R.R. Co. v Tomkins*, 304 U.S. 64, 58 S.Ct. 817 (1938).

### III. ANALYSIS

In the first captioned case, defendants Ohio Ready Mixed Concrete Association, James E. Barnhart, Buckeye Ready Mix, LLC, and Greg Starling challenge the factual existence of subject matter jurisdiction under Rule 12(b)(1) as against all parties. These defendants contend that "[t]o maintain complete diversity and allege damages closer to the amount-in-controversy requirement, Mr. Manley attempts to substitute himself into his parents' position and bring claims on their behalf" (ECF No. 41, at p. 7), and "any alleged damages to the barn it [defective concrete] could have caused inure to Plaintiff's parent's benefit, not Plaintiff." (ECF No. 42, at p. 2.) This raises the question of whether Plaintiff's parents are real parties in interest who should be joined to this suit. Although this issue is not briefed in detail, the Court finds it necessary to determine whether it has subject matter jurisdiction over these actions.

In *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61, 100 S.Ct. 1779 (1980) the Supreme Court addressed the requirement that diversity jurisdiction is to be based on the citizenship of the parties who have a real and substantial interest in the controversy:

> Federal courts have jurisdiction over controversies between "Citizens of different States" by virtue of 28 U.S.C. § 1332(a)(1) and U.S.Const., Art. III, § 2. Early in its history, this Court established that the "citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. *McNutt v. Bland*, 2 How. 9, 15, 11 L.Ed. 159 (1844); see *Marshall v. Baltimore & Ohio R. Co.*, 16 How. 314, 328–329, 14 L.Ed. 953 (1854); *Coal Co. v. Blatchford*, 11 Wall. 172, 177, 20 L.Ed. 179 (1871). Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. *E. g., McNutt v. Bland, supra*, at 14; see 6 C. Wright & A. Miller, Federal Practice and Procedure § 1556, pp. 710–711 (1971).

Diversity jurisdiction exists only when no plaintiff and no defendant are citizens of the same state. *See United States Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th

Cir. 1992). The Sixth Circuit has long explained that "parties to an action are classified as (1) formal parties, (2) necessary but not indispensable parties, and (3) indispensable parties." *Kentucky Natural Gas Corporation v. Duggins*, 165 F.2d 1011, 1015 (6th Cir. 1948). Indispensable parties are defined as:

> Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. *Shields, et. al v. Barrow*, 17 How. 130, 15 L.Ed. 158 (1854); *Minnesota v. Northern Securities Co.*, 184 U.S. 199, 246, 22 S.Ct. 308, 46 L.Ed. 499 (1902).

*Id. (dates supplied).* If a person is "an indispensable party to the action it is necessary that he be made a party to the suit either as a plaintiff or defendant, and he will be aligned by the Court in accordance with his real interest in the controversy, even though such an alignment may destroy diversity of citizenship and result in the loss of jurisdiction." *Id.*

"When the question is which of various parties before the court should be considered for determining whether there is complete diversity of citizenship, that question is generally answered by application of the 'real party to the controversy' test." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994). Federal Rule of Civil Procedure 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." "Under the rule, the real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters*, 26 F.3d at 42. "If, however, one of the 'nondiverse' parties is not a real party in interest, and is purely a formal or nominal party, his or its presence may be ignored in determining jurisdiction." *Id.* To determine which parties should be considered for diversity purposes, some courts recommend examining who truly stands to gain or lose from a possible verdict. *See, e.g., Ford Motor Co. v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945), *overruled in*

7

*part on other grounds by Lapides v. Bd. Of Regents*, 535 U.S. 613 (2002); *Bishop v. Hendricks*, 495 F.2d 289, 293, 295 (4th Cir. 1975) (finding that, in order to satisfy 28 U.S.C. § 1359, a party must have more at stake in the litigation than just establishing diversity jurisdiction); *Rose v. Giamatti*, 721 F. Supp. 906, 915-22 (S.D. Ohio 1989) (court disregarded nominal parties in determining diversity of citizenship). By focusing on those who stand to gain or lose from the cause of action, this standard "insures that federal jurisdiction will be invoked only when necessary to protect the party whose personal interest in the suit might be prejudiced by the presence of local bias." *Bishop*, 495 F.2d at 292 (explaining that this "has been the historical view of why diversity jurisdiction originated"). The key is to "deny[] the use of federal courts in suits which d[o] not really and substantially involve a dispute or controversy properly within the jurisdiction of the federal courts." *Bishop*, 495 F.2d at 294.

In Ohio, a real party in interest is "one who is directly benefitted or injured by the outcome of the case." *Cmty. Ins. Co. v. Ohio Dept. of Transp.*, 750 N.E.2d 573, 577 (Ohio 2001). In the case *sub judice*, it is undisputed that the barn at issue is located in Ohio and belongs to Mr. Manley's parents, and they will be directly benefitted or injured by the outcome of the case. There is no dispute that Manley's parents are resident in Ohio. Mr. Manley admits that he does not own the property. (ECF No. 50, at p. 17, PAGE ID# 632.) At a minimum, Mr. Manley's parents "truly stand to gain or lose" in this instance, not only because they are renovating a historic barn to make it habitable as a home, and it may or may not have a proper foundation. Furthermore, in Ohio, mechanics' liens for payment of the monies owed under a construction contract may be filed against the owner of the property, and it is undisputed that Foundations Plus has filed a mechanics' lien against the property and Mr. Manley's parents. (ECF No. 16, Exh. G., Page ID# 341.) The mechanics' lien provision, O. R. C. § 1311.02, provides:

**1311.02 Lien of subcontractor, laborer or materialman.**

> Every person who performs work or labor upon or furnishes material in furtherance of any improvement undertaken by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate, or the owner's, part owner's, or lessee's authorized agent, and every person who as a subcontractor, laborer, or material supplier, performs any labor or work or furnishes any material to an original contractor or any subcontractor, in carrying forward, performing, or completing any improvement, has a lien to secure the payment therefor upon the improvement and all interests that the owner, part owner, or lessee may have or subsequently acquire in the land or leasehold to which the improvement was made or removed.

In this case, in order for Manley's parents to be nominal parties, or not parties in interest, they must have no real interest in the outcome of the case. It must be of no moment to them which side succeeds in the controversy. *Picard Chem. Profit Sharing Plan v. Perrigo Co.*, 940 F.Supp. 1101, 1136 (W.D. Mich. 1996) (citing *Bacon v. Rives*, 106 U.S. 99, 104, 1 S.Ct. 3 (1882)). That is clearly not the case here, where Mr. Manley asserts that tearing out and re-pouring the foundation under the barn could cost more than $100,000.00. In this instance, the owners of the barn have an interest in which side succeeds in the controversy. In making this assessment, the Court is mindful that if a person to be joined under Rule 19(a) would destroy complete diversity, Rule 19(b) instructs the Court to determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." In the case at bar, adding the necessary real parties in interest would destroy complete diversity. The Court has balanced the factors listed in Rule 19(b), and determines that a judgment rendered in the absence of the real parties in interest in this case would not be adequate, and the appropriate remedy is to dismiss the case without prejudice.

Also at issue is Lightning Rod's separate declaratory judgment action, Case No. 2:15-cv-2978, which Mr. Manley removed to this Court from the Licking County Court of Common Pleas. Mr. Manley moved for the dismissal of Lightning Rod's state court action, asserting

9

> Plaintiff filed an Amended Complaint in the Federal Court ("Federal Action"). See Exhibit A attached. Due to jurisdictional attachment of the Amended Complaint in Federal Court on May 8, 2015, the date Movant's complaint was filed, the Prior Exclusive Jurisdiction Doctrine and the Relation Back Doctrine prevent this Court from interference with the Federal Court's Jurisdiction after attachment. Accordingly, this Court's jurisdiction is excluded and this Court must abstain.

(ECF No. 4, at p. 2.) Thus, Mr. Manley asserts that the declaratory judgment action's removal is based on federal diversity jurisdiction in the related case.

Any civil case filed in state court may be removed to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The burden of establishing federal subject matter jurisdiction is upon the party removing the case to federal court. *Her Majesty the Queen in Right of Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98, 42 S.Ct. 35 (1921). "[B]ecause they implicate federalism concerns, removal statues are to be narrowly construed." *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 757 (6th Cir. 2000). All doubts as to whether removal is proper should be resolved in favor of remand to state court. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). In Ohio, a declaratory judgment action requires that all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action. *See* O.R.C. § 2721.12.[3]

In this case, it is clear that Mr. Manley's parents, as owners of the barn, have a direct, cognizable interest that would be affected by the declaration of whether Foundation Plus is covered by insurance proceeds that would be available in this case. If there is a recovery under the Lightning Rod policy, such amounts of insurance would inure to the benefit of the owners of

---

[3] 2721.12 Declaratory judgment procedure

(A) Subject to division (B) of this section, when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding.

10

the barn. The real party in interest analysis in the related case applies to this action as well. The Court finds that this case was not properly removed from the Licking County Court of Common Pleas, because this Court lacked subject matter jurisdiction. Accordingly, Case No. 2:15-cv-2978 is remanded to the Licking County Court of Common Pleas. 28 U.S.C. § 1447(d).

## IV. CONCLUSION

For the reasons set forth in this Opinion and Order, in Case No. 2:15-cv-1786, Defendants Ohio Ready Mixed Concrete Association and James E. Barnhart's (Case No. 2:15-cv-1786, ECF No. 41) and Defendants Buckeye Ready Mix, LLC and Greg Starling's (Case No. 2:15-cv-1786, ECF No. 42), Motions to Dismiss pursuant to Rule 12(b)(1) against all parties are **GRANTED** without prejudice. The Clerk is directed to close this case.

Additionally, Case No. 2:15-cv-2978 is **REMANDED** to the Licking County Court of Common Pleas. The Clerk is directed to enter judgment in accordance with this Opinion and Order, to remand this case to the Licking County Court of Common Pleas, and close this case on the Court's docket.

**IT IS SO ORDERED.**

9-19-2016
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**